UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKIE LEE JOHNS,

      Petitioner,

                                               Case No. 1:18-cv-954

v.

                                               Hon. Hala Y. Jarbou

TONY TRIERWEILER,

      Respondent.

_____/

**ORDER**

      This is a habeas corpus action under 28 U.S.C. § 2254.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition and deny a certificate of appealability.  (R&R, ECF No. 12.)  Before the Court are Petitioner's objections to the R&R  (ECF No. 13).

      Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

      Petitioner does not object to any particular part of the R&R.  Instead, he makes a number of assertions that are, at best, tangentially related to his habeas petition.  For instance, Petitioner

contends that he needs help getting the DNA test results from the state police.[1]  It is not clear how this request pertains to his petition for relief or to the conclusions in the R&R.

Petitioner also reiterates his contention that he did not understand his case or its consequences; however, the magistrate judge properly rejected these claims after review of the plea transcript.  At his plea hearing, Petitioner repeatedly told the court, under oath, that he understood the consequences of his plea.  (*See* R&R, PageID.251.)  He is bound by those statements.

Petitioner also claims that he was denied the right to a competency evaluation and to a psychological evaluation for sentencing purposes.  The R&R did not address these claims directly, probably because they were set forth in a supplement to the habeas petition.  (*See* Suppl. to Pet., ECF No. 8.)  But the claims are meritless anyway.

A criminal defendant who is incompetent may not be tried.  *Godinez v. Moran*, 509 U.S. 389, 396 (1993).  The test for a defendant's competency to stand trial or plead guilty is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 411 (1960).  A court's failure to hold a proper hearing where substantial evidence exists of the defendant's incompetency violates the defendant's due process rights.  *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000).  "[T]he standard . . . for requiring competency hearings prior to trial or the entry of a guilty plea is not merely whether extant evidence raises 'doubt' as to the defendant's capacity to stand trial, but rather whether evidence raises a 'bona fide doubt' as to a defendant's competence." *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004).

---

[1] As noted in the R&R, the State obtained DNA evidence establishing Petitioner as the parent of the victim's child.  (R&R, PageID.12.)  Petitioner's own DNA expert reached the same conclusion.  (*Id.*)

Petitioner does not expressly contend that he is incompetent, and there is no evidence that would support a finding of incompetence, let alone a need for a competency evaluation. Indeed, the record before this Court—including Petitioner's cogent responses to the state court's questions at his plea hearing, as well as his detailed filings in this case—belies the need for a competency evaluation. In other words, the record indicates that Petitioner had a sufficient ability to consult with his attorney as well as a rational and factual understanding of the proceedings against him. Thus, he has not shown that the state court's failure to hold a competency evaluation deprived him of his right to due process.

To the extent Petitioner contends that he did not receive a psychological evaluation for sentencing purposes, he does not explain how the failure to receive such an evaluation implicated his constitutional rights. Relief under § 2254 is warranted "only on the ground that [Defendant] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court is not aware of a constitutional right to a psychological evaluation before sentencing.

The remainder of Petitioner's objections consist of facts surrounding Petitioner's offense and the state's actions in charging him. For instance, Petitioner contends that two of the victims were family members; Petitioner does not think it was "right" that two different counties charged him with offenses against these individuals. (Objections, PageID.264.) He also contends that there was "no way" he could have committed one of the offenses due to his work schedule. (*Id.*) And he contends that he was told that he could not leave the "police place" until he said that he "did it." (*Id.*) The Court cannot discern a connection between any of these assertions and any of Petitioner's claims. More to the point, apart from the harmless omission of discussion of Petitioner's claim regarding the failure to receive a competency or psychological evaluation, the

Court discerns no error in the R&R.  Moreover, the Court agrees with the magistrate judge that a certificate of appealability is not warranted.

Accordingly,

**IT IS ORDERED** that Petitioner's objections (ECF No. 13) are **DENIED** and the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is **DENIED** for the reasons stated herein and in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability under 28 U.S.C. § 2253(c) is **DENIED**.

Dated:  October 9, 2020                                    /s/ HALA Y. JARBOU
                                                                          Hala Y. Jarbou
                                                                          United States District Judge

4